IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON

| | |
|---|---|
| **TR CONSTRUCTION, INC.**<br>760 Brown Street<br>Akron, OH 44311<br><br>　　　　Plaintiff,<br><br>　　-vs.-<br><br>**SUMMIT COUNTY, OHIO**<br>Ohio Building - 8th Floor<br>175 South Main Street<br>Akron, OH 44308<br><br>　　　　Defendant. | CASE NO.:<br><br>**JUDGE:**<br><br><br>**COMPLAINT**<br><br><br>**TRIAL BY JURY DEMANDED** |

Plaintiff TR Construction, Inc. ("TR" or "Plaintiff"), for its Complaint against Defendant Summit County, Ohio ("County" or "Defendant"), states:

## INTRODUCTION

1. This case seeks relief relating to the deprivation of Plaintiff's property rights in real property in Summit County, Ohio. Specifically, the County, acting within its governmental capacity and under color of state law, terminated and seized Plaintiff's ownership interest in real estate under its eminent domain power, but in doing so denied Plaintiff its constitutional right to just compensation.

## PARTIES, JURISDICTION, AND VENUE

2. TR is a corporation for-profit, organized under the laws of, and operating in, the State of Ohio.

3. The property is in Summit County, Ohio.

4. The County is a body politic and corporation organized under, and possessed of such powers, rights, and privileges as granted by the Charter of Summit County and the general laws of the State of Ohio.

5. This action arises under 28 U.S.C. § 1983 and the 5th and 14th Amendments to the United States Constitution, and therefore this Court has jurisdiction under 28 U.S.C. § 1331.

6. Venue is proper in this District, under 28 U.S.C. § 1391. Plaintiff and Defendant are residents of or in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District as Defendant's conduct complained of herein occurred solely within Summit County, Ohio and related to real estate in Summit County, Ohio.

## LEGAL BACKGROUND

7. In 2006, the Ohio General Assembly enacted O.R.C. §§ 323.65, et seq. (the "Statute") which created an alternative means for county boards of revision to foreclose on real property with outstanding property tax liens if that real property is "abandoned," as defined by O.R.C. § 323.65(A).

8. Unlike traditional tax foreclosure proceedings, a board of revision tax foreclosure conducted under the Statute need not be instituted in court and is instead conducted by the board of revision itself. O.R.C. § 323.66.

9. As in a traditional tax foreclosure, a property foreclosed upon under the Statute may be sold at public auction for the county to recover its tax liens from the sale proceeds. E.g., O.R.C. § 323.72(D); O.R.C. § 323.73. And as in traditional tax foreclosure proceedings, when a foreclosed property is sold at a public auction, the Statute gives "any

party…claiming a right to distribution of surplus" a "cause of action in the county or municipal court of the jurisdiction in which the land reposes." O.R.C. § 323.73(C).

10. Unlike in traditional tax foreclosure actions, the Statute permits a board of revision to order direct transfer of a property to a county land reutilization corporation or electing subdivision, as defined in R.C. 5722.01, that has indicated a desire to acquire the property. O.R.C. § 323.71(A)(1); O.R.C. § 323.73(G); O.R.C. § 323.78. When a board of revision orders direct transfer, the foreclosed property is not offered for sale at public auction. O.R.C. § 323.73(G); O.R.C. § 323.78.

11. When a board of revision directly transfers land to a county land reutilization corporation or electing subdivision for redevelopment, instead of selling or acquiring the property to recover unpaid tax amounts, it is exercising its eminent domain power in lieu of its taxing power. When a property is directly transferred under O.R.C. § 323.73(G) or O.R.C. § 323.78, all tax liens on the property are forever discharged and no tax monies are collected by the county.

12. A board of revision may order direct transfer of the property in two scenarios. The first such scenario is where the total impositions owed (i.e., all taxes, assessments, and other amounts certified as a lien against the property) exceed the fair market value of the real property. O.R.C. § 323.71(A)(1); O.R.C. § 323.73(G). The second such scenario is where a county treasurer invokes the "alternative redemption period" under O.R.C. § 323.78. This "alternative redemption period" can be invoked whether or not the fair market value of the property exceeds the total impositions owed. This lawsuit involves the second of these circumstances.

13. When title to property is transferred to a county land reutilization corporation or an electing subdivision under O.R.C. § 323.78, the entity receiving the property pays no consideration for the property. Rather, O.R.C. § 323.78(B) provides that upon such direct transfer of a foreclosed property, the property is transferred "free and clear of all impositions and any other liens on the property, which shall be deemed forever satisfied and discharged."

14. When a county treasurer waives the county's right to collect the real estate taxes and assessments owed on a property, and elects to have it transferred to a county land reutilization corporation or electing subdivision, the Statute does not provide for the payment of any taxes to the county or any compensation to property owners, even where the fair market value of the property exceeds the total amount of impositions owed. O.R.C. § 323.78(B). Property owners, such as Plaintiff, receive less than the fair market value for their properties when transferred under O.R.C. § 323.78(B).

15. To demonstrate, assume a property owner owns a property with a fair market value of $25,000 and $10,000 in property tax impositions against it. If the county board of revision orders transfer of the property to the county land bank or electing subdivision under O.R.C. § 323.78(B), the property owner loses the entire $25,000 in value because of a $10,000 tax liability – a difference of $15,000. Since this direct transfer occurred in lieu of the collection of the real estate taxes and assessments owed on the property, the county board took property under its eminent domain power (and not its taxing power) without providing just compensation, as required by the 5th and 14th Amendments of the United States Constitution.

## FACTUAL ALLEGATIONS

### *The Board of Revision Conducts Foreclosure Proceedings*

16. The Summit County Board of Revision ("Board of Revision") is a governmental board of the County, originally created under O.R.C. 5715.01(B) to hear complaints and revise assessments of real property for taxation.

17. The Summit County Land Reutilization Corporation (the "Land Bank") is an Ohio not-for-profit corporation organized under the authority of O.R.C. 1724.04 and operates within Summit County, Ohio. The Land Bank was established when the Summit County Council adopted a resolution that designated the Land Bank to act as the County's agent under O.R.C. § 1724.10 and O.R.C. Chapter 5722 for the reclamation, rehabilitation, and reutilization of vacant, abandoned, tax foreclosed, and other property within the County. A true and accurate copy of such resolution is attached at **Exhibit 1**.

18. On January 28, 2019, the Summit County Fiscal Officer instituted a tax foreclosure case before the Summit County Board of Revision against TR, Case No. CV2019-01-0356 ("TR Foreclosure Case"). The property is at 1007 Bank Street, Akron, Ohio (Parcel No. 67-46764) (the "TR Property"). A true and accurate copy of the foreclosure Complaint is attached at **Exhibit 2**.

19. When the TR Foreclosure Case was commenced, TR was vested with the entire fee interest in the TR Property.

20. As of May 10, 2019, the taxes owed on the property amounted to $313,698.50.

21. On June 3, 2019, the Board of Revision issued Adjudication of Foreclosure (Direct Transfer–Alternative Right of Redemption), which found that foreclosure was appropriate and that the Fiscal Officer had invoked the alternative redemption period of R.C. 323.65

and R.C. 323.78. A true and accurate copy of the Adjudication of Foreclosure is attached at **Exhibit 3**.

22. On July 3, 2019, the Board of Revision entered an Order to Sheriff of Direct Transfer to the Land Bank under R.C. §§ 323.65 and 323.78. A true and accurate copy of such Order is attached at **Exhibit 4**.

23. On July 10, 2019, pursuant to the Adjudication of Foreclosure and the Order to Sheriff, the Summit County Sheriff issued a deed transferring the TR Property to the Land Bank. A true and accurate copy of the deed is attached at **Exhibit 5**.

### *The TR Property Was Worth Far More Than Owed Taxes*

24. In August 2016, TR Property was appraised (the "Appraisal") by John W. Emig, a professional appraiser certified by Appraisal Institute. A true and accurate copy of the Appraisal is attached at **Exhibit 6**.

25. Mr. Emig opined that the TR Property was worth one million two hundred fifty thousand dollars ($1,250,000.00).

26. The difference between the appraised value of the TR Property and the total taxes owed ($1,250,000.00 - $313,698.50) equals $936,301.50.

27. TR received no compensation in connection with its equity in the TR Property.

28. Because of the proceedings in the TR Foreclosure Case described above, TR has been denied title, possession, use, and enjoyment of the TR Property, which was taken by the County for public use without just compensation as required by the Fifth Amendment to the United States Constitution—as applied to the County under the Fourteenth Amendment to the United States Constitution—and as required by Article 1, Section 19 of the Ohio Constitution.

**COUNT I - 42 U.S.C. § 1983**

29. TR reallages the preceding paragraphs as if restated and incorporated herein.

30. At all times, the County was a "person" as interpreted in 42 U.S.C. § 1983.

31. At all times, there was in effect 42 U.S.C. § 1983, which states: Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

32. The Fourteenth Amendment to the United States Constitution guarantees that no State shall "deprive any person of life, liberty or property, without due process of law."

33. The Fifth Amendment's "Takings Clause" of the United States Constitution states that "nor shall private property be taken for public use, without just compensation." The Takings Clause is made applicable to the County by way of the Fourteenth Amendment to the United States Constitution.

34. At all times, the County had a duty and obligation to comply with the U.S. Constitution when conducting foreclosure proceedings under the Statute.

35. TR owned private property and was protected from public taking without just compensation by the Fifth Amendment to the United States Constitution.

36. The TR Property was directly transferred under O.R.C. § 323.78.

37. When the TR Property was directly transferred under O.R.C. § 323.78, the value of the TR Property exceeded the taxes owed on the property.

38. When the TR Property was directly transferred under O.R.C. § 323.78, TR received no compensation.

39. Through use of the direct transfer mechanism of O.R.C. § 323.78, County, acting under color of law, took TR's real property without just compensation.

40. As a direct and proximate result of County's actions, TR has been damaged in the amount by which the value of the property so transferred exceeded the total impositions attributable to that property. *Tarrify Properties, LLC v. Cuyahoga Cty.*, N.D.Ohio No. 1:19-CV-2293, 2021 WL 164217, *5.

**COUNT II - ART. I, SECTION 19 OF THE OHIO CONSTITUTION**

41. TR reallages the preceding paragraphs as if restated and incorporated herein.

42. Under Article 1, Section 19 of the Ohio Constitution "where private property shall be taken for public use, a compensation therefor shall first be made in money."

43. At all times, the County had a duty and obligation to comply with the Ohio Constitution when conducting foreclosure proceedings under the Statute.

44. TR owned private property and was protected from public taking without just compensation by Article 1, Section 19 of the Ohio Constitution.

45. The TR Property was directly transferred under O.R.C. § 323.78.

46. When the TR Property was directly transferred under O.R.C. § 323.78, the value of the TR Property exceeded the taxes owed on the property.

47. When the TR Property was directly transferred under O.R.C. § 323.78, TR received no compensation.

48. Through use of the direct transfer mechanism of O.R.C. § 323.78, County, acting under color of law, took TR's real property without just compensation.

49. None of the property directly transferred by County under O.R.C. § 323.78 was taken in time of war or for any other public exigency imperatively requiring its immediate seizure, or to make or repair roads.

50. As a direct and proximate result of County's actions, TR has been damaged in the amount by which the value of the property so transferred exceeded the total impositions attributable to that property.

**WHEREFORE**, Plaintiff TR Construction, Inc. demands judgment against Defendant Summit County, Ohio for damages in an amount to be proven at trial in excess of $900,000.00, statutory interest, costs, attorney fees, and for such further relief this Honorable Court deems equitable and just.

Respectfully submitted,

THE LAW OFFICES OF WARNER MENDENHALL

/s/ Warner Mendenhall
Warner Mendenhall   (0070165)
Thomas Connors      (0007226)
Brian Unger         (0096884)
John Pfleiderer     (0100195)
190 North Union Street - Suite 201
Akron, Ohio 44308
Phone:       (330) 535-9160
Facsimile:   (330) 762-9743
Email: warner@warnermendenhall.com
       tconnors@warnermendenhall.com
       brian@warnermendenhall.com
       john@warnermendenhall.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

/s/ Warner Mendenhall
Warner Mendenhall, 0070165
*Attorney for Plaintiff*