**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TR CONSTRUCTION, INC. | ) | Case:  5:21-CV-01109-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| -vs.- | ) | |
| | ) | |
| SUMMIT COUNTY, OHIO | ) | MOTION TO DISMISS |
| | ) | Fed.R.Civ.P. 12(b)(1). |
| Defendant. | ) | |
| | ) | |

Now comes Defendant, Summit County, by and through the undersigned counsel, and respectfully moves the Court to grant this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction as Plaintiff does not have standing in this matter.  For cause, Plaintiff is a Delaware Corporation that is currently not in good standing and therefore may not bring this action.

A memorandum in support has been attached hereto.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

*/s/ Raymond J. Hartsough*
MARVIN D. EVANS (0055616)
RAYMOND J. HARTSOUGH (0097025)
Assistant Prosecuting Attorney
53 University Ave., 7th Floor
Akron, OH 44308
(330) 643-8380
(330) 643-2160
(330) 643-8540 facsimile
mevans@prosecutor.summitoh.net
rhartsough@prosecutor.summitoh.net
Counsel for Defendant

<u>**MEMORANDUM**</u>

I.     **CASE HISTORY**

TR Construction Inc. ("TR Construction") was the Defendant in Summit County Board of Revision Case No. CV-2019-01-0356 involving foreclosure under R.C. § 323.65-78 for delinquent taxes on Parcel No. 67-46764 aka 1007 Bank Street, Akron, OH 44305 (the "2019 Case").  Kristen M. Scalise, in her capacity as the Summit County Fiscal Officer was the Plaintiff in the 2019 Case.  A copy of the 2019 Case docket has been attached hereto as Exhibit A.

On June 3, The Summit County Board of Revision issued an Adjudication of Foreclosure and included instructions to transfer the property without the need for further Board of Revision action.  Complaint at ¶ 21.

On July 3, 2019, an Order to Sheriff of Direct Transfer to the Summit County Land Reutilization Corporation was filed.  Complaint at ¶ 22.

On July 10, 2019, pursuant to the Adjudication of Foreclosure and the Order to Sheriff, the Summit County Sheriff issued a deed transferring Parcel No. 67-46764 aka 1007 Bank Street, Akron, OH 44305 to the Summit County Land Reutilization Corporation.  Complaint at ¶ 23.

Further, TR Construction has never contested any of the evidence presented in the 2019 Case at any proceeding – including in the Board of Revision proceedings.  This evidence includes the Preliminary Judicial Report filed with the Complaint in the 2019 Case that includes an original limited warranty deed from Karder Buildings Company, an Ohio General Partnership, to TR Construction, Inc., a Delaware Corporation.  A copy of the limited warranty deed is attached hereto as Exhibit B.

Contrary to Plaintiff's assertion in Paragraph 2 of its Complaint, TR Construction is a Delaware Corporation that was registered with the state of Delaware on July 17, 2001.  A copy of TR Construction's information retrieved through the Delaware Business Search has been attached as Exhibit C.

TR Construction is registered in Ohio as a Foreign Corporation as of March 28, 2003 and was given the entity ID #1378524.  A copy of TR Construction's Foreign Corporation Application for License or Registration of Corporation Name filed with the State of Ohio has been attached as Exhibit D.  Further, the Ohio Secretary of State's Business Search Filings show that TR Construction's foreign license was cancelled for failure to pay taxes in 2009 and was subsequently reinstated after paying said taxes.  However, there are no documents filed with the Ohio Secretary of State that alter TR Construction's status as a Foreign Corporation[1].  A copy of TR Construction's complete list of records filed with the Ohio Secretary of State has been attached as Exhibit E.

As of March 31, 2021, and through at least June 16, 2021, while TR Construction remains a Delaware Corporation, it is not in good standing in its home state of Delaware by operation of Delaware Law due to its failure to pay its franchise tax and its failure to file its annual report.  A copy of a letter from the Delaware Secretary of State certifying this information is attached as Exhibit F.

Accordingly, TR Construction was not in good standing in its home state of Delaware as of June 1 when it filed this current case, and there is currently no evidence that this has changed.

---

[1] While there is a document labeled "Domestic/Reinstatement," nothing in that document purports to convert TR Construction into an Ohio Corporation.

3

## II.    LAW AND ARGUMENT

### 1.    <u>Plaintiff must have Standing to Bring this Case</u>.

#### a.    *Standard of Review for Motions to Dismiss for Lack Subject Matter Jurisdiction*

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories:  facial attacks and factual attacks."  *Ruff v. Runyon*, 60 F.Supp.2d 738, 743 (N.D. Ohio 1999), citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  "A facial attack challenges the sufficiency of the pleading itself."  *Id*.  "On the other hand, a factual attack does not challenge the sufficiency of the pleading's allegations.  Rather, it challenges the court's very power to hear the case, i.e., the factual existence of subject matter jurisdiction."  *Id*.  "In these cases, no presumptive truthfulness applies to the factual allegations.  Moreover, the plaintiff has the burden to prove the existence of jurisdiction."  *Id*., citing *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996), and *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

"In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits."  *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).  The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 592.  "[T]he district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts."  *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  "Ultimately, the court must 'weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist.'"  *Ruff*, 60 F.Supp.2d at 743 (citations omitted).

### b.  Standing as a Requirement to Confer Subject Matter Jurisdiction

"Article III of the Constitution vests the federal courts with only the judicial 'Power' to resolve 'Cases' or 'Controversies.'"  *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488, citing U.S. Const., art. III, § 2.  For a dispute to qualify as an Article III "case" that a federal court may resolve, the plaintiff who brings the dispute to the court must have "standing."  *Id.*, *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 860 (6th Cir. 2020).  Further, as the Supreme Court of the United States recently reiterated, before a case proceeds in Federal Court, a Plaintiff must establish that it has standing.  *California v. Texas*, 2021 WL 2459255.

In order for Plaintiff to establish standing, it must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.*, quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) (internal quotation marks omitted); see also *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  If the requested relief cannot be granted, then the Plaintiff cannot establish standing, and the case must be dismissed for want of subject matter jurisdiction.  *Id.*; see also *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 ("Standing is necessary for a court's subject-matter jurisdiction…").

As described further below, Plaintiff does not have standing, and this case must be dismissed for want of subject matter jurisdiction.

### 2.  **Plaintiff is neither an Ohio Corporation nor is it in good standing in its home state of Delaware, and it therefore does not have standing to bring this current action.**

Despite Plaintiff's claim to be an Ohio Corporation, Plaintiff is a Delaware Corporation. Moreover, Plaintiff is a Delaware Corporation that was not in good standing at the time it filed

its Complaint and has not remedied its standing in Delaware to date.  Accordingly, Plaintiff is unable to bring this action, and this case must be dismissed.

Under Fed.R.Civ.P. 17(b)(2), the capacity to sue or be sued is determined based upon the law under which a corporation is organized.  Further, it is well established that subject matter jurisdiction based upon standing is evaluated in federal courts of the complaint's filing date. *Humanigen, Inc. v. Savant Neglected Diseases, LLC*, 238 A.3d 194, 201, citing *HWI Partners, LLC v. Choate, Hall & Stewart LLP*, 2013 WL 6493118, *3 ("while entity status defects are curable in state courts, the more limited subject matter jurisdiction of federal district courts denies those tribunals the power to permit cure"); see also *Phillips v. St. Mary Med. Ctr.*, 2013 WL 1124372, at *2 (E.D. Pa. Mar. 19, 2013) (citation omitted); *In re: Yes! Entm't. Corp.*, 316 B.R. 141 (D. Del. 2004).

Accordingly, any new developments that occur after the Complaint's filing date cannot confer standing.  13A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3531 (3d ed.); see also, *HWI Partners, LLC v. Choate, Hall & Stewart LLP*, supra.

Delaware law dictates the following:

> If any corporation, accepting the Constitution of this State and coming under Chapter 1 of this title, or any corporation which has heretofore filed or may hereafter file a certificate of incorporation under said chapter, neglects or refuses for 1 year to pay the State any franchise tax or taxes, which has or have been, or shall be assessed against it, or which it is required to pay under this chapter, or shall neglect or refuse to file a complete annual franchise tax report, the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative…

8 Del.C. § 510.

Further, when evaluating the evidence related to this case, Ohio law states that the best evidence that should be used is that provided by the state in which the corporation has been incorporated.  See Ohio Rev. Code § 1703.22.  In this case, although Plaintiff remains a

6

Delaware Corporation, Plaintiff's failure to file its annual reports and to pay its annual franchise taxes has led to its charter becoming void and its powers under Delaware Law to be stripped away. See, Exhibit F.

Moreover, even if Plaintiff files its annual report and pays its delinquent franchise taxes under Delaware Law, this does not remedy its current situation; its potential standing in this case was fixed when the Plaintiff filed this action on June 1, 2021, and it cannot be revived. See, *HWI Partners, LLC v. Choate, Hall & Stewart LLP*, 2013 WL 6493118, \*3.

Accordingly, Plaintiff does not have the legal right to bring this action, Plaintiff's claims cannot be redressed, and this case must be dismissed.

### 3. The Statute of Limitations has Expired, and Plaintiff Cannot Amend to Cure.

Statutes of limitations in claims brought under 42 U.S.C. § 1983 are determined in federal courts based upon the limitations for personal torts from the state in which a claim arose. See *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). It is well established that the statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519-520 (6th Cir. 1997); *Woods Cove, III, LLC v. City of Akron*, No. 5:16-CV-1016, 2018 WL 4104186, at \*8 (N.D. Ohio Aug. 29, 2018); see also, *Wilson v. Haller*, S.D.Ohio No. 3:10-CV-355, 2010 WL 3984637, \*2, report and recommendation adopted, S.D.Ohio No. 3:10-CV-3552010 WL 3984628, citing *Nadra v. Mbah*, 119 Ohio St.3d 305, 893 N.E.2d 829 (Ohio 2008); *Banks v. City of Whitehall*, 344 F.3d 550, 551 (6th Cir.2003), citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989) (en banc).

Delaware state courts have acknowledged the potential for a negative impact by strictly adhering to statutes of limitations where a corporation has fallen out of good standing prior to

initiating a legal action and subsequently brings itself back into good standing.  See, *Humanigen, Inc. v. Savant Neglected Diseases, LLC*, 223 A.3d 194, citing *Hudson Farms, Inc. v. McGrellis*, 620 A.2d 215, 221 (Del. 1993).  However, those same courts acknowledge that the flexibility of jurisdiction is far greater in state courts than it is in federal courts and that an amendment in federal court to cure standing cannot be made to evade a statute of limitations.  *Id.*

Moreover, as the 6th Circuit recently reiterated, "[t]he Constitution does not guarantee a remedy for every wrong."  *M.J. et al. v. Akron City Sch. Dist. Bd. of Educ., et al.*, ____ F.3d ___ (6th Cir.2021), No. 20-3461/3462, June 15, 2021.

The underlying 2019 Case was brought on January 28, 2019.  The 2019 Case was fully adjudicated on June 3, 2019 and included instructions to transfer the property without the need for further Board of Revision action.  Accordingly, the statute of limitations for this case expired on June 3, 2021[2].

This current action was filed on June 1, 2021, at least two days prior to the statute of limitations expired.  Accordingly, Plaintiff's own failure to maintain good standing in Delaware and then its improper filing of this action has rendered its claim unable to be heard, and Plaintiff's failure cannot be cured.  Therefore, this case must be dismissed without affording Plaintiff an opportunity to attempt to amend its Complaint.

## III.     CONCLUSION

Wherefore, Defendant Summit County respectfully requests that this Court dismiss the Complaint with prejudice for the reasons stated above.

---

[2] Plaintiff in this Case also appears to allege that its Federal Takings Claim could be seen as becoming ripe as of July 3, 2019 or July 10, 2019.  While those allegations are not legally correct, it does not matter at this point as the two-year statute of limitations for bringing a Federal Takings Claim have expired even when taking either of those dates into account.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

*/s/ Raymond J. Hartsough*
MARVIN D. EVANS (0055616)
RAYMOND J. HARTSOUGH (0097025)
Assistant Prosecuting Attorney
53 University Ave., 7th Floor
Akron, OH 44308
(330) 643-8380
(330) 643-2160
(330) 643-8540 facsimile
mevans@prosecutor.summitoh.net
rhartsough@prosecutor.summitoh.net
Counsel for Defendant


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of July, 2021, a true and accurate

copy of the foregoing has been filed via the Court's electronic filing system and sent via email to

the following.

Warner Mendenhall
Thomas Connors
Brian Unger
John Pfleiderer
THE LAW OFFICES OF WARNER MENDENHALL
190 North Union Street - Suite 201
Akron, Ohio 44308
warner@warnermendenhall.com
tconnors@warnermendenhall.com
brian@warnermendenhall.com
john@warnermendenhall.com

*/s/ Raymond J. Hartsough*
RAYMOND J. HARTSOUGH (0097025)
Assistant Prosecuting Attorney
Counsel for Defendant

.

**SANDRA KURT -Summit County Clerk of Courts**   Welcome (0097025) Logoff ( )

### KRISTEN M. SCALISE vs TR CONSTRUCTION INC.
### Case Type:  Land Bank Tax Foreclosure
### Case Number:  CV-2019-01-0356

**Full Docket Available only to Attorney of Record in the E-filing Portal. Other Parties, please see public website.**

Secondary Filing

Back To My Cases (MyCasesCaseConsole.aspx)

### There is no Judge associated with this case.

**Parties**   Docket   **Judge/Magistrate** **Service**

| Filing Date | By Attorney | Docket Text | Document |
|---|---|---|---|
| 9/25/2019 12:00:00 AM | SUMMIT COUNTY CLERK OF COURTS | ORIGINAL ACTION COST PAID IN FULL. KB | Image Not Available |
| 9/6/2019 12:00:00 AM | SCALISE, KRISTEN | LAND BANK SHERIFF RETURN TRANSFERRING THE PARCEL INVOLVED TO THE SUMMIT COUNTY LAND REUTILIZATION CORPORATION ON 7/10/19. SCSO | View Image (DisplayImage2.aspx? gPDFOH=sumzzzt3 00000E59) |
| 9/6/2019 12:00:00 AM | SUMMIT COUNTY CLERK OF COURTS | **CASE COSTED THRU 9/6/19. BILLED SCLB $349.78. AA | Image Not Available |
| 7/3/2019 12:00:00 AM | SCALISE, KRISTEN | ORDER TO SHERIFF TO TRANSFER TO SUMMIT COUNTY LAND REUTILIZATION CORPORATION | View Image (DisplayImage2.aspx? gPDFOH=sumzzzq1 0000123D) |
| 6/3/2019 10:58:15 AM | HARTSOUGH, RAYMOND | ADJUDICATION OF FORECLOSURE | View Image (DisplayImage2.aspx? gPDFOH=sumzzzo6 00000828) |
| 6/3/2019 12:00:00 AM | SUMMIT COUNTY CLERK OF COURTS | **COST ESTIMATE GIVEN THRU 6/3/19 PER REQUEST OF SCLB $916.28 [INCLUDES FUTURE 10-PG JE] HC | Image Not Available |
| 5/22/2019 3:50:58 PM | HARTSOUGH, RAYMOND | AFFIDAVIT OF NICOLE MOYTO | View Image (DisplayImage2.aspx? gPDFOH=sumzzzz0 000014F0) |
| 5/8/2019 12:00:00 AM | SUMMIT COUNTY CLERK OF COURTS | **COST ESTIMATE GIVEN THRU 5/8/19 PER REQUEST OF SCLB $916.28 [INCLUDES FUTURE 10-PG JE] HC | Image Not Available |
| 4/9/2019 3:26:33 PM | MORAN, MICHAEL | ANSWER OF THE DEFENDANTS, KARDER BUILDING CO., THE ESTATE OF MIKE KARDER, AND GENEVIEVE C. KARDER | View Image (DisplayImage2.aspx? gPDFOH=sumzzzl9 00000883) |
| 4/8/2019 12:00:00 AM | SUMMIT COUNTY CLERK OF COURTS | **COST ESTIMATE GIVEN THRU 4/8/19 PER REQUEST OF SCLB $916.28 [INCLUDES FUTURE 10-PG JE] HC | Image Not Available |
| 4/3/2019 8:44:00 AM | HARTSOUGH, RAYMOND | ORDER TO VACATE AND DENY TRANSFER | View Image (DisplayImage2.aspx? gPDFOH=sumzzzl6 00000269) |
| 4/2/2019 10:14:09 AM | HARTSOUGH, RAYMOND | RESPONSE OF CONSENT TO VACATE AND IN OPPOSITION TO DEFENDANTS' OTHER REQUESTS | View Image (DisplayImage2.aspx? gPDFOH=sumzzzl5 00000676) |
| 3/25/2019 3:50:24 PM | MORAN, MICHAEL | MOTION FOR LEAVE TO FILE ANSWER INSTANTER | View Image (DisplayImage2.aspx? gPDFOH=sumzzzl2 00000009) |
| 3/25/2019 3:50:24 PM | MORAN, MICHAEL | NOTICE OF APPEARANCE OF ATTORNEY MICHAEL J. MORAN AS COUNSE FOR DEFENDANTS, KARDER BUILDING CO. , THE ESTATE OF MIKE HARDER AND GENEVIEVE C. KARDER. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzl2 0000000B) |
| 3/25/2019 3:39:57 PM | | MOTION TO VACATE ADJUDICATION OF FORECLOSURE ENTERED MARCH 15, 2019 | View Image (DisplayImage2.aspx? gPDFOH=sumzzzl1 00001264) |
| 3/25/2019 3:39:57 PM | MORAN, MICHAEL | NOTICE OF APPEARANCE OF ATTORNEY MICHAEL J. MORAN AS COUNSEL FOR DEFENDANTS, KARDER BUILDING CO. , THE ESTATE OF MIKE HARDER AND GENEVIEVE C. KARDER. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzl1 00001269) |
| 3/20/2019 2:05:56 PM | SCALISE, KRISTEN | Certified Mail Service - Unable To Serve UNKNOWN HEIRS OF MIKE KARDER | Image Not Available |
| 3/20/2019 2:05:56 PM | SCALISE, KRISTEN | NOTIFICATION OF FAILURE TO OBTAIN SERVICE UNKNOWN HEIRS OF MIKE KARDER | Image Not Available |
| 3/20/2019 2:04:16 PM | SCALISE, KRISTEN | Certified Mail Service - Unclaimed UKNOWN HEIRS OF GENEVIEVE C. KARDER | Image Not Available |
| 3/20/2019 2:04:16 PM | SCALISE, KRISTEN | NOTIFICATION OF FAILURE TO OBTAIN SERVICE UKNOWN HEIRS OF GENEVIEVE C. KARDER | Image Not Available |

**EXHIBIT A**

| 3/20/2019 1:46:33 PM | SCALISE, KRISTEN | Certified Mail Service - Insufficient Address THE ESTATE OF MIKE KARDER | Image Not Available |
|---|---|---|---|
| 3/20/2019 1:46:33 PM | SCALISE, KRISTEN | NOTIFICATION OF FAILURE TO OBTAIN SERVICE THE ESTATE OF MIKE KARDER | Image Not Available |
| 3/20/2019 1:45:05 PM | SCALISE, KRISTEN | Certified Mail Service - Unclaimed KARDER BUILDING CO. | Image Not Available |
| 3/20/2019 1:45:05 PM | SCALISE, KRISTEN | NOTIFICATION OF FAILURE TO OBTAIN SERVICE KARDER BUILDING CO. | Image Not Available |
| 3/19/2019 12:00:00 AM | SUMMIT COUNTY CLERK OF COURTS | **COST ESTIMATE GIVEN THRU 3/19/19 PER REQUEST OF SCLB $906.32 [INCLUDES FUTURE 10-PG JE] HC | Image Not Available |
| 3/15/2019 3:03:41 PM | HARTSOUGH, RAYMOND | AFFIDAVIT OF NICOLE MOYTO | View Image (DisplayImage2.aspx?gPDFOH=sumzzzk7 00000683) |
| 3/15/2019 2:35:47 PM | HARTSOUGH, RAYMOND | ADJUDICATION OF FORECLOSURE | View Image (DisplayImage2.aspx?gPDFOH=sumzzzk7 0000050B) |
| 3/13/2019 10:31:54 AM | HARTSOUGH, RAYMOND | FINAL JUDICIAL REPORT | View Image (DisplayImage2.aspx?gPDFOH=sumzzzk4 00000B48) |
| 3/13/2019 10:31:54 AM | HARTSOUGH, RAYMOND | PROPERTY DESCRIPTION PRE-APPROVAL FORM | View Image (DisplayImage2.aspx?gPDFOH=sumzzzk4 00000B4A) |
| 3/12/2019 11:24:20 AM | SCALISE, KRISTEN | Certified Mail Service - Unclaimed TR CONSTRUCTION INC. | Image Not Available |
| 3/12/2019 11:24:20 AM | SCALISE, KRISTEN | NOTIFICATION OF FAILURE TO OBTAIN SERVICE TR CONSTRUCTION INC. | Image Not Available |
| 3/11/2019 9:19:44 AM | VOORHEES, ANDREW | ANSWER OF OHIO EDISON COMPANY | View Image (DisplayImage2.aspx?gPDFOH=sumzzzk2 00000715) |
| 3/11/2019 9:19:44 AM | VOORHEES, ANDREW | NOTICE OF APPEARANCE OF ANDREW C VOORHEES COUNSEL FOR DEFENDANT OHIO EDISON COMPANY | View Image (DisplayImage2.aspx?gPDFOH=sumzzzk2 00000716) |
| 3/5/2019 8:46:11 AM | SCALISE, KRISTEN | Certified Mail Service - Attempted Unknown TR CONSTRUCTION INC. | Image Not Available |
| 3/5/2019 8:46:11 AM | SCALISE, KRISTEN | NOTIFICATION OF FAILURE TO OBTAIN SERVICE TR CONSTRUCTION INC. | Image Not Available |
| 3/5/2019 12:00:00 AM | SUMMIT COUNTY CLERK OF COURTS | **COST ESTIMATE GIVEN THRU 3/5/19 PER REQUEST OF SCLB $886.83 [INCLUDES FUTURE 10-PG JE] HC | Image Not Available |
| 2/28/2019 10:23:55 AM | HARTSOUGH, RAYMOND | PROOF OF PUBLICATION | View Image (DisplayImage2.aspx?gPDFOH=sumzzzj5 000004B3) |
| 2/15/2019 11:32:14 AM | SCALISE, KRISTEN | Certificate of Mailing Service - Attempted Unknown TR CONSTRUCTION INC. | Image Not Available |
| 2/15/2019 11:32:14 AM | SCALISE, KRISTEN | NOTIFICATION OF FAILURE TO OBTAIN SERVICE TR CONSTRUCTION INC. | Image Not Available |
| 2/12/2019 10:52:22 AM | SCALISE, KRISTEN | Certified Mail Service - Attempted Unknown TR CONSTRUCTION INC. | Image Not Available |
| 2/12/2019 10:52:22 AM | SCALISE, KRISTEN | NOTIFICATION OF FAILURE TO OBTAIN SERVICE TR CONSTRUCTION INC. | Image Not Available |
| 2/6/2019 6:51:08 AM | SUMMIT COUNTY CLERK OF COURTS | Certified Mail Service - Served OHIO EDISON COMPANY | Image Not Available |
| 2/4/2019 10:18:44 AM | HARTSOUGH, RAYMOND | LEGAL NOTICE | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi2 00000C34) |
| 2/4/2019 10:18:44 AM | HARTSOUGH, RAYMOND | AFFIDAVIT FOR SERVICE BY PUBLICATION | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi2 00000C31) |
| 2/1/2019 8:45:41 AM | HARTSOUGH, RAYMOND | PRELIMINARY JUDICIAL REPORT | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi2 0000015A) |

| 1/29/2019 2:20:03 PM | SUMMIT COUNTY CLERK OF COURTS | Certificate of Mailing Service - Mailed UNKNOWN HEIRS OF MIKE KARDER | Image Not Available |
|---|---|---|---|
| 1/29/2019 2:20:03 PM | SUMMIT COUNTY CLERK OF COURTS | Certificate of Mailing Service - Mailed UKNOWN HEIRS OF GENEVIEVE C. KARDER | Image Not Available |
| 1/29/2019 2:20:03 PM | SUMMIT COUNTY CLERK OF COURTS | Certificate of Mailing Service - Mailed THE ESTATE OF MIKE KARDER | Image Not Available |
| 1/29/2019 2:20:03 PM | SUMMIT COUNTY CLERK OF COURTS | Certificate of Mailing Service - Mailed OHIO EDISON COMPANY | Image Not Available |
| 1/29/2019 2:20:03 PM | SUMMIT COUNTY CLERK OF COURTS | Certificate of Mailing Service - Mailed KARDER BUILDING CO. | Image Not Available |
| 1/29/2019 2:20:03 PM | SUMMIT COUNTY CLERK OF COURTS | Certificate of Mailing Service - Mailed TR CONSTRUCTION INC. | Image Not Available |
| 1/29/2019 2:20:02 PM | SUMMIT COUNTY CLERK OF COURTS | Certificate of Mailing Service - Mailed TR CONSTRUCTION INC. | Image Not Available |
| 1/29/2019 2:20:02 PM | SUMMIT COUNTY CLERK OF COURTS | Certificate of Mailing Service - Mailed TR CONSTRUCTION INC. | Image Not Available |
| 1/29/2019 2:05:52 PM | SCALISE, KRISTEN | Certificate of Mailing Service - Mailed KARDER BUILDING CO. | Image Not Available |
| 1/29/2019 2:05:52 PM | SCALISE, KRISTEN | Certificate of Mailing Service - Mailed OHIO EDISON COMPANY | Image Not Available |
| 1/29/2019 2:05:52 PM | SCALISE, KRISTEN | Certificate of Mailing Service - Mailed THE ESTATE OF MIKE KARDER | Image Not Available |
| 1/29/2019 2:05:52 PM | SCALISE, KRISTEN | Certificate of Mailing Service - Mailed UKNOWN HEIRS OF GENEVIEVE C. KARDER | Image Not Available |
| 1/29/2019 2:05:52 PM | SCALISE, KRISTEN | Certificate of Mailing Service - Mailed UNKNOWN HEIRS OF MIKE KARDER | Image Not Available |
| 1/29/2019 2:05:28 PM | SCALISE, KRISTEN | SUMMONS ISSUED - CERTIFICATE OF MAILING KARDER BUILDING CO. | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001EA) |
| 1/29/2019 2:05:28 PM | SCALISE, KRISTEN | SUMMONS ISSUED - CERTIFICATE OF MAILING OHIO EDISON COMPANY | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001EB) |
| 1/29/2019 2:05:28 PM | SCALISE, KRISTEN | SUMMONS ISSUED - CERTIFICATE OF MAILING KARDER, THE ESTATE OF MIKE | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001ED) |
| 1/29/2019 2:05:28 PM | SCALISE, KRISTEN | SUMMONS ISSUED - CERTIFICATE OF MAILING KARDER, UKNOWN HEIRS OF GENEVIEVE C. | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001EE) |
| 1/29/2019 2:05:28 PM | SCALISE, KRISTEN | SUMMONS ISSUED - CERTIFICATE OF MAILING KARDER, UNKNOWN HEIRS OF MIKE | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi1 000000D8) |
| 1/29/2019 2:05:07 PM | SCALISE, KRISTEN | Certificate of Mailing Service - Mailed TR CONSTRUCTION INC. | Image Not Available |
| 1/29/2019 2:05:07 PM | SCALISE, KRISTEN | Certificate of Mailing Service - Mailed TR CONSTRUCTION INC. | Image Not Available |
| 1/29/2019 2:05:07 PM | SCALISE, KRISTEN | Certificate of Mailing Service - Mailed TR CONSTRUCTION INC. | Image Not Available |
| 1/29/2019 2:04:47 PM | SCALISE, KRISTEN | SUMMONS ISSUED - CERTIFICATE OF MAILING TR CONSTRUCTION INC. | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001E5) |
| 1/29/2019 2:04:47 PM | SCALISE, KRISTEN | SUMMONS ISSUED - CERTIFICATE OF MAILING TR CONSTRUCTION INC. | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001E6) |
| 1/29/2019 2:04:47 PM | SCALISE, KRISTEN | SUMMONS ISSUED - CERTIFICATE OF MAILING TR CONSTRUCTION INC. | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001E7) |
| 1/29/2019 2:03:39 PM | SCALISE, KRISTEN | SUMMONS ISSUED BY CERTIFIED MAIL KARDER BUILDING CO. | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001DA) |
| 1/29/2019 2:03:39 PM | SCALISE, KRISTEN | SUMMONS ISSUED BY CERTIFIED MAIL OHIO EDISON COMPANY | View Image (DisplayImage2.aspx?gPDFOH=sumzzzi0 000001DB) |

| | | | |
|---|---|---|---|
| 1/29/2019 2:03:39 PM | SCALISE, KRISTEN | SUMMONS ISSUED BY CERTIFIED MAIL KARDER, THE ESTATE OF MIKE | View Image (DisplayImage2.aspx? gPDFOH=sumzzzi0 000001DC) |
| 1/29/2019 2:03:39 PM | SCALISE, KRISTEN | SUMMONS ISSUED BY CERTIFIED MAIL KARDER, UKNOWN HEIRS OF GENEVIEVE C. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzi0 000001DD) |
| 1/29/2019 2:03:39 PM | SCALISE, KRISTEN | SUMMONS ISSUED BY CERTIFIED MAIL KARDER, UNKNOWN HEIRS OF MIKE | View Image (DisplayImage2.aspx? gPDFOH=sumzzzi0 000001DE) |
| 1/29/2019 1:57:22 PM | SCALISE, KRISTEN | SUMMONS ISSUED BY CERTIFIED MAIL TR CONSTRUCTION INC. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzi0 000001D2) |
| 1/29/2019 1:57:22 PM | SCALISE, KRISTEN | SUMMONS ISSUED BY CERTIFIED MAIL TR CONSTRUCTION INC. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzi0 000001D4) |
| 1/29/2019 1:57:22 PM | SCALISE, KRISTEN | SUMMONS ISSUED BY CERTIFIED MAIL TR CONSTRUCTION INC. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzi0 000001D5) |
| 1/28/2019 1:34:25 PM | HARTSOUGH, RAYMOND | LAND AFFIDAVIT 2 | View Image (DisplayImage2.aspx? gPDFOH=sumzzzh9 00000A56) |
| 1/28/2019 1:34:25 PM | HARTSOUGH, RAYMOND | PRELIMINARY JUDICIAL REPORT. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzh9 00000A5A) |
| 1/28/2019 1:34:25 PM | HARTSOUGH, RAYMOND | NOTICE OF SUMMONS AND COMPLAINT | View Image (DisplayImage2.aspx? gPDFOH=sumzzzh9 00000A63) |
| 1/28/2019 1:34:25 PM | HARTSOUGH, RAYMOND | NOTICE OF HEARING | View Image (DisplayImage2.aspx? gPDFOH=sumzzzh9 00000A68) |
| 1/28/2019 1:34:25 PM | HARTSOUGH, RAYMOND | LAND AFFIDAVIT | View Image (DisplayImage2.aspx? gPDFOH=sumzzzh9 00000A6F) |
| 1/28/2019 1:34:25 PM | HARTSOUGH, RAYMOND | INSTRUCTIONS TO CLERK FOR SERVICE | View Image (DisplayImage2.aspx? gPDFOH=sumzzzh9 00000A74) |
| 1/28/2019 1:34:25 PM | HARTSOUGH, RAYMOND | FORECLOSURE COMPLAINT | View Image (DisplayImage2.aspx? gPDFOH=sumzzzh9 00000A7E) |
| 1/28/2019 1:34:25 PM | HARTSOUGH, RAYMOND | CERTIFICATE OF READINESS. | View Image (DisplayImage2.aspx? gPDFOH=sumzzzh9 00000A86) |

3

### Limited Warranty Deed
#### (Ohio Statutory Form (Ohio Revised Code 5302.07)

Know All Men by These Presents, that **KARDER BUILDINGS COMPANY**, an Ohio General Partnership (the "Grantor" ) for valuable consideration paid grants with limited warranty covenants to **TR CONSTRUCTION, INC.**, a Delaware corporation (the "Grantee), whose tax mailing address will be 152 W. Dartmore Avenue, Akron, OH 44301, that certain real property located in the City of Akron, County of Summit and State of Ohio which real property is more particularly described on Exhibit A attached hereto and made a part hereof.

Prior Instrument reference: 5495-221, 7026-523, 6925-199

PM No. _____    PPN: _____

Commonly known as:  1097 Bank Street, Akron, OH 44305

Subject to: (I) real estate taxes and assessments, both general and special, not yet due and payable (ii) zoning, building and land use ordinances (iii) any matters which would be disclosed on an accurate and complete survey of the real property and (iv) easements, restrictions and other conditions of record.

In Witness whereof, the Grantor has caused this instrument to be executed effective as of the 29 day of _____, 2008.

Grantor:

KARDER BUILDINGS COMPANY

By: _____
GENEVIEVE C. KARDER, Trustee,
a General Partner

State of Ohio            )
County of Summit        )

The foregoing instrument was acknowledged before me this ___ day of _____,
2008, by **GENEVIEVE C. KARDER**, Trustee of the Genevieve C. Karder Trust dated

Page One of Two



55562841
Pg: 1 of 7
08/05/2008 03:34P
DE        68.00

John A Donofrio, Summit Fiscal Officer

BUCKEYE _____ TITLE AGENCY

ORDER NO. 15425

# EXHIBIT B

September 13, 1989, a General Partner of the Karder Buildings Company, an Ohio General Partnership, who acknowledged she did sign the foregoing instrument and that the same is the free act and deed of such General Partnership.

In Testimony whereof, I have hereunto subscribed my name and affixed by official seal at _____, Ohio, this ____ day of _____ 2008.

_____
Notary Public

JAMES W. SLATER, Attorney-At-Law
Notary Public - State of Ohio
My Commission has no expiration date
Sec. 147.03 R.C.

Prepared by Ronald M. Martin, Attorney at Law
1615 Akron Peninsula Road, Akron OH 44313

Page Two of Two

55562841
Pg: 2 of 7
08/05/2008 03:34P
DE          68.00

John A Donofrio, Summit Fiscal Officer

## EXHIBIT A

Tract One:

Situated in the City of Akron, County of Summit and State of Ohio, and known as part of Lot Number Three (3) Tract Number Thirteen (13) formerly Tallmadge Township and is more particularly described as follows, to-wit:

Beginning at an iron pin set in the easterly line of Bank Street at its intersection with the north line of a parcel of land conveyed to The Biggs Boiler Works Company by Hill Sewer Pipe Company by deed dated June 11, 1917, recorded in Volume 586, Page 496, Summit County Records, which said point is also in the south line of a parcel of land conveyed to Seneca Palmer by William Cook and Priscilla Cook, husband and wife, by deed dated Aug. 1, 1867, recorded in Vol. 65, Page 255 of Summit County Records; thence South 87 deg. 54' East along the north line of said land so conveyed to said The Biggs Boiler Works Company and the south line of said land so conveyed to said Palmer, a distance of about 302.94 feet to the northwest corner of a parcel of land conveyed to The Biggs Boiler Works Company by Esther S. Biggs and Lester M. Biggs, wife and husband, by deed dated March 22, 1902, recorded in Volume 371, Page 370, Summit County Records; thence S. 18 deg. 30' W. along the west line of said land so conveyed to said The Biggs Boiler Works Company and along the west line of a parcel of land conveyed to said The Biggs Boiler Works Company by the Columbia Insulator Company, by deed dated February 16, 1907, recorded in Volume 350, Page 351, Summit County Records a distance of 331.3 feet to a point in the northeasterly line of Bank Street; thence northwesterly along the northeasterly line of Bank Street to the place of beginning; containing 1.17 acres of land. Be the same more or less. (Said beginning point being South 27 deg. 18' 30" East along the easterly line of Bank Street 1166.66 feet from the Southerly line of Hazel Street.)

Tract Two:

Situated in the City of Akron, County of Summit and State of Ohio, and known as part of Lot Number Three (3), Tract Number Thirteen (13) formerly Tallmadge Township and is more particularly described as follows, to-wit:

Beginning at an iron pipe in the south line of Seneca Place, which is South 57 deg. 35' East along said south line of Seneca Place one hundred twenty-eight and fifty-nine hundredths (128.59) feet from an iron pipe at the intersection of said south line of Seneca Place with he easterly line of Bank Street (Said intersection being South 27 deg. 16' 30" East along the easterly line of Bank Street one thousand fifty three and fifty nine hundredths (1053.59) feet from the southerly line of Hazel Street); thence South 87 deg. 38' East along the south line of Seneca Place and the north line of land deeded by Arthur E. Palmer to Edward and Thomas E. Putterill by deed dated August 30, 1916, and recorded in Volume 561, Page 113, Summit County Records of Deeds, eighty three and no hundredths (83.00) feet; thence south 15 deg. 33' 30" East one hundred three and twenty-five hundredths (103.25) feet to a point in the south line of said Edward and Thomas E. Putterill land; thence N. 87 deg. 38' West along said south line a distance of 61 feet to an iron pipe; thence N. 26 deg. 20' W., a



55562841
Pg: 3 of 7
08/05/2008 03:34P
DE          $8.00

John A Donofrio, Summit Fiscal Officer

distance of 112 feet tot he place of beginning and containing as surveyed June 27, 1925 by S.G. Swigart & Son 0.1624 acres of land, be the same more or less.

Tract Three:

Situated in the City of Akron, County of Summit and State of Ohio and known as part of Lot Number Three (3) Tract Number Thirteen (13), formerly ~~Tallmadge~~ Township and is more particularly described as follows, to-wit:

Beginning at an iron pipe in the south line of Seneca Place which is S. 87 deg. 38' E., along said south line of Seneca Place, a distance of about 211.59 feet from an iron pipe at the intersection of said south line of Seneca Place with the easterly line of Bank Street; (said intersection being S. 27 deg. 18' 30" E., along the easterly line of Bank Street 1053.59 feet from the southerly line of Hazel Street) said beginning point being also the northwest corner of a parcel of land conveyed to The Biggs Boiler Works Company by B.G. Carlson, as Trustee, by deed dated May 3, 1919 recorded in Volume 620, Page 112 Summit County Records; thence South 87 deg. 38' E., along the south line of Seneca Place and the north line of said land so conveyed to said The Biggs Boiler Works Company, a distance of 50 feet to the northeast corner thereof; thence South 26 deg. 10' E., along the easterly line of said land so conveyed to said Company, a distance of about 112 feet to the southeasterly corner thereof, said corner being also in the north line of a parcel of land conveyed to The Biggs Boiler Works Company by Hill Sewer Pipe Company by deed dated June 11, 1917, recorded in Volume 586, Page 496, Summit County Records; thence N. 87 deg. 54' W., along the south line of said land so conveyed to said The Biggs Boiler Works Company, by first mentioned deed and along the north line of said land described in the last mentioned deed, a distance of 72 feet to the southwest corner of the land described in said first mentioned deed, thence north along the west line of said land a distance of 10 1 2/12 feet to the place of beginning, be the same more or less.

Tract Four:

Situated in the City of Akron, County of Summit and State of Ohio and known as part of Lot Number Three (3) Tract Number Thirteen (13), formerly Tallmadge Township and is more particularly described as follows, to-wit:

Beginning at an iron pipe in the easterly line of Bank Street and in the northerly line of a parcel of land conveyed to Seneca Palmer by William Cook and Priscilla Cook, husband and wife, by deed dated August 1, 1867 (sic August 2, 1968), recorded in Volume 65, Page 255 of Summit County Records; thence S. 87 deg. 38' E., along the north line of said land conveyed to said Palmer, a distance of 261.68 feet to an iron pipe; thence S. 26 deg. 20' E., 112 feet to an iron pipe in the north line of land conveyed The Biggs Boiler Works Company by Hill Sewer Pipe Company by deed dated June 11, 1917, recorded in Volume 586, Page 596 Summit County Records; thence S. 87 deg. 38' E., along the north line of a parcel of land so conveyed to said The Biggs Boiler Works Company and along the north line of a parcel of land conveyed to The Biggs Boiler Works Company by Esther S. Biggs and Lester M. Biggs, wife and husband, by deed Dated March 22, 1902, recorded in Volume 371, Page 370, Summit County Records a distance of 263.10 feet to an iron pipe at the northeast



55562841
Pg: 4 of 7
08/05/2008 03:34P
DE        68.00
John A Donofrio, Summit Fiscal Officer

corner of said last mentioned parcel of land; thence N. 2 deg. 36' E., along the west line of a .36 acre parcel of land conveyed to The Valley Railway Company, by Priscilla Cook, et al, by deed dated April 8, 1874, recorded in Volume 88, Page 79 a distance of 149.30 feet to an iron pipe; thence N. 28 deg. 15' E., a distance of 61.00 feet to an iron pipe; thence N. 28 deg. 04' W., a distance of 106.80 feet to an iron pipe; thence N. 88 deg. 54' W., along the south line of land now or formerly owned by Mary Honoila et al, a distance of 272.80 feet to an iron pipe; thence S. 2 deg. 10' W., a distance of 174.00 feet tot an iron pipe; thence N. 87 deg. 38' W., a distance of 111.00 feet to an iron pipe; thence S. 2. deg. 10' W., a distance of 6 feet to an iron pipe; thence N. 87 deg. 38' W., along the north line of Seneca Place, a distance of 164.62 feet to an iron pipe in the easterly line of Bank Street; thence S. 27 deg. 18' 30" E., along the easterly line of Bank Street, a distance of 13.03 feet to the place of beginning and containing as surveyed in May 1924, by S.G. Swigart & Son, Civil Engineers, 2.1761 acres of land, be the same more or less. (Said beginning point being South 27 deg. 18' 30" East along the easterly line of Bank Street 1053.59 feet from the southerly line of Hazel Street).

~~Tract Five:~~

Situated in the City of Akron, County of Summit, and State of Ohio, and known as part of Lot Number Three (3), Tract Number Thirteen (13) formerly Tallmadge Township and is more particularly described as follows, to-wit:

Beginning at a gas pipe set at the southeast corner of a 2 acre parcel of land deeded by The Akron Gas Company to Esther S. Biggs, by deed dated December 30, 1899, and recorded in Volume 251, Page 446 of Summit County Records, said corner being at the intersection of the northerly line of Bank Street with the westerly line of the right of way conveyed to The Valley Railway Company by Frank Adams and Jeanette Adams, husband and wife, by deed dated Dec. 11, 1874, recorded in Volume 94, Page 315, Summit County Records and 30 feet distant at right angles from he centerline of the main tract thereof; thence N. 18 deg. 27' E., along said right of way line, a distance of 485.1 feet to an iron pipe at the northeast corner of said 2 acre tract, thence N. 87 deg. 44' W., a distance of 221.1 feet to a gas pipe at the northwest corner of said 2 acre tract; thence S. 18 deg. 30' W., a distance of 331.3 feet to a point in the northerly line of Bank Street; thence S. 48 deg. 05' E. along the northerly line of Bank Street, a distance of 231.66 feet to the place of beginning, be the same more or less. (The northwest corner of said Parcel Five is located at the northeast corner of said Tract One.)

Property Address: 1007 Bank Street Akron, Ohio 44305

Parcel Number: 67-46764 / 060108001019000

Tract Six:

Situated in the City of Akron, County of Summit and State of Ohio:

And known as being a part of Lot 3, Tract 13, formerly Tallmadge Township and more fully described as follows:



55562841
Pg: 5 of 7
08/05/2008 03:34P
DE                    65.00
John A Donofrio, Summit Fiscal Officer

Tract Five:

Situated in the City of Akron, County of Summit, and State of Ohio, and known as part of Lot Number Three (3), Tract Number Thirteen (13) formerly Tallmadge Township and is more particularly described as follows, to-wit:

Beginning at the centerline intersection of Williams Street (50 feet in width) and Bank Street (60 feet in width);

Thence southeasterly, South 48 deg. 05 min. 00 sec. East along the centerline of said Bank Street a distance of 194.89 feet to a point on the westerly line of the Valley Railway Company, as conveyed by Frank Adams and Jeanette Adams, husband and wife, by deed dated Dec. 11, 1874, recorded in Vol. 94, Pg. 315, Summit County Records and (a distance of 30.00 feet at right angles from the centerline of the main track);

Thence northeasterly, North 18 deg. 27 min. 00 sec. East along the westerly right-of-way line of said railroad property, a distance of 32.70 feet to a 2" iron pipe and the TRUE PLACE OF BEGINNING;

Thence northeasterly, North 18 deg. 27 min. 00 sec. East continuing along the westerly right-of-way line of said railroad, a distance of 485.10 feet to a 2" iron pipe;

Thence northwesterly, North 87 deg. 44 min. 00 sec. West a distance of 221.10 feet to a 2" iron pipe;

Thence southwesterly, South 18 deg. 30 min. 00 sec. West a distance of 331.17 feet to a point on the northerly right-of-way line of Bank Street;

Thence southeasterly, South 48 deg. 05 min. 00 sec. East along the northerly line of Bank Street a distance of 231.79 feet to the Place of Beginning. Containing 1.9909 acres of land more or less, subject to all legal highways, restrictions, reservations and easements of record.

Property Address: 1007 Bank Street, Akron, Ohio 44305

Parcel Number: 67-46764

*06 0/0800/019800*

Description approved by Tax Maps
Approval good for 30 days from

*13234*

TRANSFERRED IN COMPLIANCE WITH
SEC. 319.202 REV. CODE
$ 400,000°°  $ 1,600°° FEE
Consideration
JOHN A. DONOFRIO    By
Fiscal Officer    Deputy Fiscal Officer
No. of pages

TRANSFERRED
2008 AUG -5 PM 3: 17

55562841
Pg: 7 of 7
08/05/2008 03:34P
DE    58.00
John A Donofrio, Summit Fiscal Officer

Beginning at the centerline intersection of Williams Street (50' wide) and Bank Street (60' wide);

Thence S. 45 deg. 26' 00" E., along said Bank Street centerline a distance of 260.33 feet to a point;

Thence N. 21 deg. 11' 00" E. a distance of 32.68 feet to an iron pin on the northerly line of said Bank Street which is the true place of beginning;

Thence continuing N. 21 deg. 11' 00" E. along the easterly line of land now or formerly owned by B. & O. Railroad a distance of 529.63 feet to an iron pin;

Thence S. 85 deg. 10' 00" E. along the southerly line of said B. & O. Railroad land a distance of 75.00 feet to an iron pin on the westerly line of land now or formerly owned by Carter Jones Lumber Company;

Thence S. 00 deg. 51' 10" W. along the westerly line of said Carter Jones Lumber Company land a distance of 28.44 feet to an iron pin;

Thence S. 35 deg. 53' 10" E. along the westerly line of said Carter Jones Lumber Company land a distance of 66.52 feet to an iron pin on the westerly line of land now or formerly owned by A. D. & S. D. Lewis;

Thence S. 21 deg. 11' 00" W. along the westerly line of said Lewis land a distance of 547.44 feet to an iron pin on the northerly line of Bank Street;

Thence N. 45 deg. 26' 00" W., along the northerly line of said Bank Street a distance of 150.00 feet to an iron pin which is the true place of beginning and containing 1.7570 acres of land more or less, as surveyed in November, 1984 by Gary R. Rouse, Registered Surveyor with Giffels, Bergstrom & Fricker, Inc., but subject to all legal highways and any restrictions or easements of record.

Property Address: Vacant Land Bank Street, Akron, Ohio 44305

Parcel Number: 68-54125  /  060103104001001

55562841
Pg: 6 of 7
08/05/2008 03:34P
DE                   68.00

John A Donofrio, Summit Fiscal Officer

# *State Of Delaware*

Entity Details

6/15/2021  12:26:14PM

File Number:  3415165

Incorporation Date / Formation Date:  7/17/2001

Entity Name:  T R CONSTRUCTION, INC.

Entity Kind:  Corporation

Entity Type:  General

Residency:  Domestic

State:  DELAWARE

Status:  AR Delinquent, Tax Due

Status Date:  3/2/2021

**Registered Agent Information**

Name:  AMERICAN INCORPORATORS LTD.

Address:  1013 CENTRE ROAD SUITE 403-A

City:  WILMINGTON

Country:

State:  DE

Postal Code:  19805

Phone:  302-421-5752

**Tax Information**

Last AnnualReport Filed:  2011

Tax Due:  $ 397.52

Annual Tax Assessment:  $175

Total Authorized Shares:  3000

**Filing History (Last 5 Filings)**

| Seq | Description | No of Pages | Filing Date mm/dd/yyyy | Filing Time | Effective Date mm/dd/yyyy |
|---|---|---|---|---|---|
| 1 | Renewal for Void<BR>9019982 | 1 | 7/22/2020 | 2:48 PM | 7/22/2020 |
| 2 | Renewal for Void | 1 | 10/9/2007 | 8:25 AM | 10/9/2007 |
| 3 | Renewal for Void | 1 | 2/25/2005 | 12:01 PM | 2/25/2005 |
| 4 | Stock Corporation | 1 | 7/17/2001 | 9:00 AM | 7/17/2001 |

**EXHIBIT C**



| DATE:<br>03/31/2003 | DOCUMENT ID<br>200308702454 | DESCRIPTION<br>FOREIGN LICENSE/FOR-PROFIT (FLF) | FILING<br>125.00 | EXPED<br>.00 | PENALTY<br>.00 | CERT<br>.00 | COPY<br>.00 |

## Receipt
This is not a bill. Please do not remit payment.

BUCKEYE STATE CREDIT UNION
197 E. THORNTON ST.
AKRON, OH 44311

# S T A T E   O F   O H I O

## Ohio Secretary of State, J. Kenneth Blackwell

### 1378524

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**OHIO T R CONSTRUCTION COMPANY (T R CONSTRUCTION, INC.)**

and, that said business records show the filing and recording of:

Document(s)                                         Document No(s):
**FOREIGN LICENSE/FOR-PROFIT**              **200308702454**

Authorization to transact business in Ohio is hereby given, until surrender, expiration or cancellation of this license.

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 28th day of March, A.D. 2003.

*J. Kenneth Blackwell*

Ohio Secretary of State

United States of America
State of Ohio
Office of the Secretary of State

# EXHIBIT D



Prescribed by **J. Kenneth Blackwell**

Ohio Secretary of State

Central Ohio: (614) 466-3910

Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.state.oh.us/sos

e-mail: busserv@sos.state.oh.us

| Expedite this Form: (Select One) | |
|---|---|
| **Mail Form to one of the Following:** | |
| ○ Yes | PO Box 1390 Columbus, OH 43216 |
| | *** Requires an additional fee of $100 *** |
| ◉ No | PO Box 670 Columbus, OH 43216 |

# FOREIGN CORPORATION APPLICATION FOR LICENSE
## OR REGISTRATION OF CORPORATION NAME
### (For Foreign Profit or Non-Profit)

THE UNDERSIGNED HEREBY STATES THE FOLLOWING:

**(CHECK ONLY ONE (1) BOX)**

| (1) Foreign Corporation | (2) Registration of Corporate Name by Unlicensed Foreign Corporation |
|---|---|
| ☑ For Profit *(151-FLF)* | ☑ Original *(158-RCO)* |
| ☐ Non-Profit *(152-FLN)*      ORC 1703 | ☐ Renewal *(172-RNR (RCR))*   ORC 1703 |
| | _____ (Registration No.) |
| **Filing Fee $125.00** | **Filing Fee $50.00** |

---

**Complete the general information in this section for the box checked above.**

Corporate Name  T R Construction, Inc.

Under the Laws of the State of  Delaware
                                        *(Home State)*

Date of Incorporation in Home State  July 17, 2001
                                              *(Date)*

The corporation's principal office is located at

548 South Prospect Avenue
*(Street)*                    **NOTE:  P.O. Box Addresses are NOT acceptable.**

Hartville                    Ohio                    44632
*(City)*                     *(State)*               *(Zip Code)*

The corporate purpose it proposes to exercise in the state of Ohio are as follows: (Please provide a brief but specific description; a general purpose clause is not sufficient)

The corporate purpose is interior construction and construction management.

_____

_____

The corporation is carrying on or doing business.

☐ **Check here if additional provisions are attached**

**Complete the information in this section if box (1) is checked.**

The corporation hereby appoints the following as its statutory agent upon whom process against the corporation may be served in Ohio

Joe S. Riley
(Name)

548 South Prospect Avenue
(Street)                    NOTE:  P.O. Box Addresses are NOT acceptable.

Hartville                        **Ohio**                        44632
(City)                          (State)                          (Zip Code)

The entity above irrevocably consents to service of process on the agent listed above as long as the authority of the agent continues, and to service of process upon the OHIO SECRETARY OF STATE if:

**A. the agent cannot be found or**
**B. the above listed fails to designate another agent when required to do so, or**
**C. the above stated registration to do business in Ohio expires or is cancelled.**

**Complete the information in this section if profit is checked in box (1).**

The application is made to secure a    ☑ permanent        ☐ temporary license

The corporation's principal office within Ohio is to be located in          ☐ Corporation will not have an office in Ohio

548 South Prospect Avenue
(Street)                    NOTE:  P.O. Box Addresses are NOT acceptable.

Hartville                        Stark                    **Ohio**                        44632
(City)                          (County)                (State)                          (Zip Code)

Has the corporation obtained a license to transact business in Ohio at any time in the past?    ☐ Yes    ☑ No
If yes, prior License No. _____        issued _____
                                                                    (Date)

The date on which the corporation began transacting business in Ohio

☐ Date _____
OR
☑ Will begin business upon approval of application

Is this application being made to enable the corporation to prosecute or defend a legal action?    ☐ Yes    ☑ No

**Complete the information in this section if non-profit is checked in box (1).**

The location of its principal office in the state of Ohio is

(Street)                    NOTE:  P.O. Box Addresses are NOT acceptable.

                                                                    **Ohio**
(City)                          (County)                (State)                          (Zip Code)

(Pursuant to ORC 1703.27 must have an Ohio address)

SS.

**IN WITNESS WHEREOF**, the corporation has caused this application to be executed by an authorized

officer on _March 14th 2003_
_____
(Date)

STATE OF _Ohio_

COUNTY OF _Stark_

_____Joe S. Riley_____ ,being first duly sworn, deposes and says that he/she is the
(Name of Officer)

President_____ of   T R Construction, Inc._____
(title)

the corporation described in the foregoing application, and that the statements contained in said application are true and correct to the best of my knowledge and belief.

Signature: _____

Name: _Joe S. Riley_____

Sworn to before me and subscribed in my presence,   _March 14, 2003_
(date)

_____
(Notary Public)

NOTARY SEAL                Expiration date of Notary's Commission:  _5-22-05_
(date)

Susan A. Moon
Notary Public, State of Ohio
My Commission Expires May 22, 2005
Recorded in Stark County

# Delaware

PAGE  1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY "T R CONSTRUCTION, INC." IS DULY

INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN

GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE

RECORDS OF THIS OFFICE SHOW, AS OF THE NINTH DAY OF DECEMBER,

A.D. 2002.



3415165  8300

020690515

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 2132524

DATE: 12-09-02



Prescribed by **J. Kenneth Blackwell**
Ohio Secretary of State
Central Ohio: (614) 466-3910
Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.state.oh.us/sos
e-mail: busserv@sos.state.oh.us

# RESOLUTION OF FOREIGN CORPORATION
# TO QUALIFY UNDER AN ASSUMED NAME

## (Foreign, Profit or Non-Profit)
### (161-FLA)

The undersigned hereby certifies that the Board of Directors of

T R Construction, Inc.
_____
(Name of Corporation)

a foreign corporation desiring a license to transact business in Ohio, did on ___March 14, 2003___ adopt the following
(date)

resolution, to wit:

RESOLVED, that the corporation is hereby directed to make application for a license to transact business in Ohio

under the assumed name of  Ohio T R Construction Company

and that the corporation will transact business in Ohio only under such assumed name.


Signature: _____
(Officer)

Print Name: Joe S. Riley

Title: President



**Wed Jul 07 2021**

| | |
|---|---|
| **Entity#:** | 1378524 |
| **Filing Type:** | FOREIGN CORPORATION |
| **Original Filing Date:** | 03/28/2003 |
| **Location:** | -- |
| **Business Name:** | OHIO T R CONSTRUCTION COMPANY (T R CONSTRUCTION, INC.) |
| **Status:** | Active |
| **Exp. Date:** | - |

# Agent/Registrant Information

JOE S. RILEY
217 EDWIN ST.
HARTSVILLE OH 44632
03/28/2003
Active

# Filings

| Filing Type | Date of Filing | Document ID |
|---|---|---|
| FOREIGN LICENSE/FOR-PROFIT | 03/28/2003 | 200308702454 |
| CANCELLED BY TAX DEPT W/NOTIFICATION | 03/11/2009 | 200907037194 |
| DOMESTIC/REINSTATEMENT | 08/10/2009 | 200922300444 |
| DOMESTIC AGENT ADDRESS CHANGE | 08/10/2009 | 200922300446 |



UNITED STATES OF AMERICA
STATE OF OHIO
OFFICE OF SECRETARY OF STATE

*I, Frank LaRose, Secretary of State of the State of Ohio, do hereby certify that this is a list of all records approved on this business entity and in the custody of the Secretary of State.*

*Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 7th of July, A.D. 2021*

*Ohio Secretary of State*

**EXHIBIT E**



# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE CERTIFICATE OF INCORPORATION OF "T R CONSTRUCTION, INC.", WAS RECEIVED AND FILED IN THIS OFFICE THE SEVENTEENTH DAY OF JULY, A.D. 2001.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION REMAINS A DOMESTIC CORPORATION ON OUR RECORDS BUT HAS FAILED TO FILE THE ANNUAL FRANCHISE TAX REPORT AND PAY THE FRANCHISE TAXES CURRENTLY DUE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "T R CONSTRUCTION, INC." WAS INCORPORATED ON THE SEVENTEENTH DAY OF JULY, A.D. 2001.

Jeffrey W. Bullock, Secretary of State

3415165  8300U

SR# 20212454680

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203463268

Date: 06-16-21

# EXHIBIT F