# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TR CONSTRUCTION, INC. | ) | Case: 5:21-CV-01109-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| -vs.- | ) | |
| | ) | |
| SUMMIT COUNTY, OHIO | ) | **MOTION TO DISMISS** |
| | ) | **AMENDED COMPLAINT** |
| Defendant. | ) | **UNDER FED.R.CIV.P. 12(b)(1)** |
| | ) | |

Defendant, Summit County, by and through the undersigned counsel, respectfully moves the Court to grant this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. It is well established that a plaintiff must establish standing to invoke the subject matter jurisdiction of the federal court at the time the lawsuit commences. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008) (holding that "the party invoking federal jurisdiction" must have standing "at the commencement of the litigation") (citations omitted); *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557 (6th Cir. 2021) ("it is widely accepted that a plaintiff must establish standing at the time the lawsuit commences").

Here, it is undisputed that Plaintiff TR Construction, Inc. lacked standing to invoke the jurisdiction of the federal court because it was a Delaware Corporation not in good standing when it filed its Original Complaint. Accordingly, since TR Construction, Inc. did not have standing to invoke the jurisdiction of this Court at the commencement of this litigation, it did not have standing to file an Amended Complaint, and this entire action must be dismissed for lack of subject matter jurisdiction.

A memorandum in support of this Motion is attached hereto for the Court's review and consideration

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

*/s/ Raymond J. Hartsough*
MARVIN D. EVANS (0055616)
RAYMOND J. HARTSOUGH (0097025)
Assistant Prosecuting Attorney
53 University Ave., 7th Floor
Akron, OH 44308
(330) 643-8380
(330) 643-2160
(330) 643-8540 facsimile
mevans@prosecutor.summitoh.net
rhartsough@prosecutor.summitoh.net
Counsel for Defendant

**MEMORANDUM**

I.    **CASE HISTORY**

    A. **2019 Tax Foreclosure Action**

TR Construction Inc. ("TR Construction") was the Defendant in Summit County Board of Revision Case No. CV-2019-01-0356 involving foreclosure under R.C. § 323.65-78 for delinquent taxes on Parcel No. 67-46764 aka 1007 Bank Street, Akron, OH 44305 (the "2019 Tax Foreclosure Action"). Kristen M. Scalise, in her capacity as the Summit County Fiscal Officer was the Plaintiff in the 2019 Tax Foreclosure Action. A copy of the docket from the 2019 Tax Foreclosure Action is attached hereto as Exhibit A.

On February 4, 2019, Summit County filed an Affidavit of Publication and ultimately perfected service on TR Construction on February 26, 2019, in accordance with its statutory authority. Amended Complaint at ¶¶ 30 and 33; see R.C. § 323.25 ("If the prosecuting attorney determines that service upon a defendant may be obtained ultimately only by publication, the prosecuting attorney may cause service to be made simultaneously by certified mail, return receipt requested, ordinary mail, and publication.").

On June 3, 2019, the Summit County Board of Revision issued an Adjudication of Foreclosure and included instructions to transfer the property under R.C. 323.78 without the need for further Board of Revision action. Amended Complaint at ¶ 39. See also, Exhibit B.

On July 3, 2019, an Order to Sheriff of Direct Transfer to the Summit County Land Reutilization Corporation was filed. Amended Complaint at ¶ 40.

On July 10, 2019, pursuant to the Adjudication of Foreclosure and the Order to Sheriff, the Summit County Sheriff issued a deed transferring Parcel No. 67-46764 aka 1007 Bank Street,

Akron, OH 44305 to the Summit County Land Reutilization Corporation. Amended Complaint at ¶ 41.

TR Construction has never contested any of the evidence presented in the 2019 Case at any proceeding – including in the Board of Revision proceedings. This evidence includes any issues related to service. To date, TR Construction still has not alleged that it was unaware of, or did not have actual notice of, any proceeding prior to the Board of Revision's adjudication. It nevertheless chooses to make a bare statement that service was not perfected upon TR Construction without pleading any facts to support this allegation. Amended Complaint at ¶ 37.

The evidence TR Construction never contested also includes evidence contained in the Preliminary Judicial Report filed with the Complaint in the 2019 Case. This includes an original limited warranty deed from Karder Buildings Company, an Ohio General Partnership, to TR Construction, Inc., a Delaware Corporation. A copy of the limited warranty deed is attached hereto as Exhibit C.

      **B.**      **TR Construction's Federal Court Action**

On June 1, 2021, TR Construction filed this federal court action against Summit County based upon the allegation that the direct transfer of the property under R.C. 323.78 constitutes a "taking" without compensation under the Fifth and Fourteenth Amendments to the U.S. Constitution. (See Doc.#1, Compl. filed June 1, 2021). Although TR Construction's original complaint erroneously alleged that it was an "Ohio corporation," it is now undisputed that TR Construction was in fact a Delaware Corporation that was originally incorporated and registered with the State of Delaware on July 17, 2001. A copy of TR Construction's information retrieved through the Delaware Business Search has been attached as Exhibit D.

TR Construction is registered in Ohio as a Foreign Corporation as of March 28, 2003 and has the entity ID #1378524.  A copy of TR Construction's Foreign Corporation Application for License or Registration of Corporation Name filed with the State of Ohio has been attached as Exhibit E.  Further, the Ohio Secretary of State's Business Search Filings show that TR Construction's foreign license was cancelled for failure to pay taxes in 2009 and was subsequently reinstated after paying said taxes.  However, there are no documents filed with the Ohio Secretary of State that alter TR Construction's status as a Foreign Corporation.[1]  A copy of TR Construction's complete list of records filed with the Ohio Secretary of State has been attached as Exhibit F.

As of the filing of the Complaint on June 1, 2021, however, TR Construction was not in good standing in its home state of Delaware by operation of Delaware Law because it failed to pay its franchise tax and failed to file its annual report.  A copy of a letter from the Delaware Secretary of State, ***dated June 16, 2021***, certifying this information is attached as Exhibit G.  Accordingly, TR Construction was not in good standing in its home state of Delaware as of June 1, 2021, when it filed this federal court action and thus lacked the standing to invoke the federal jurisdiction of this court at the commencement of the litigation.

Indeed, this fact is <u>undisputed</u> because, in response to Summit County's original motion to dismiss, TR Construction filed an Amended Complaint on August 2, 2021, that includes a new allegation that it is **<u>now</u>** in good standing in Delaware based upon a letter issued by the Delaware Secretary of State, ***dated July 16, 2021***.  (Doc. #9, Amd. Compl. ¶ 2, Ex. 1).  Thus, it is undisputed that TR Construction was not in good standing at the time it attempted to file its Original Complaint on June 1, 2021.

---

[1] While there is a document labeled "Domestic/Reinstatement," nothing in that document purports to convert TR Construction into an Ohio Corporation.

## II.    LAW AND ARGUMENT

### 1.  **Plaintiff Must Demonstrate That It Had Standing At The Commencment Of The Litigation In Order To Invoke The Jurisdiction Of This Court.**

#### a.  *Standard of Review for Motions to Dismiss for Lack Subject Matter Jurisdiction*

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *Ruff v. Runyon*, 60 F.Supp.2d 738, 743 (N.D. Ohio 1999), citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack challenges the sufficiency of the pleading itself." *Id*. "On the other hand, a factual attack does not challenge the sufficiency of the pleading's allegations. Rather, it challenges the court's very power to hear the case, i.e., the factual existence of subject matter jurisdiction." *Id*. "In these cases, no presumptive truthfulness applies to the factual allegations. Moreover, the plaintiff has the burden to prove the existence of jurisdiction." *Id*., citing *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996), and *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

"In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 592. "[T]he district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "Ultimately, the court must 'weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist.'" *Ruff*, 60 F.Supp.2d at 743 (citations omitted).

### b. *Standing as a Requirement to Confer Subject Matter Jurisdiction*

"Article III of the Constitution vests the federal courts with only the judicial 'Power' to resolve 'Cases' or 'Controversies.'" *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488, citing U.S. Const., art. III, § 2. For a dispute to qualify as an Article III "case" that a federal court may resolve, the plaintiff who brings the dispute to the court must have "standing." *Id.*, *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 860 (6th Cir. 2020). Further, as the Supreme Court of the United States recently reiterated, before a case proceeds in Federal Court, a Plaintiff must establish that it has standing. *California v. Texas*, -- U.S. --, 141 S.Ct. 2104 (2021).

In order for Plaintiff to establish standing, it must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.*, quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) (internal quotation marks omitted); see also *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). If the requested relief cannot be granted, then the Plaintiff cannot establish standing, and the case must be dismissed for want of subject matter jurisdiction. *Id.*; see also *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 ("Standing is necessary for a court's subject-matter jurisdiction…").

Importantly, the U.S. Supreme Court has held that the party invoking jurisdiction must demonstrate that it had standing "at the commencement of the litigation." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008) (holding that "the party invoking federal jurisdiction" must have standing "at the commencement of the litigation") (citations omitted); *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 557 (6th Cir. 2021) ("it is widely accepted that a plaintiff must establish standing at the time the lawsuit commences"); *see also Carney v. Adams*, — U.S. ——, 141 S. Ct. 493, 499, 208 L.Ed.2d 305

7

(2020) (plaintiff "bears the burden of establishing standing as of the time he brought this lawsuit and maintaining it thereafter").  While 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," the Supreme Court has held that this statute "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."  *Newman-Green, Inc. v. Alfonzo-Larrin*, 490 U.S. 826, 831, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989).  Thus, the Supreme Court has held that § 1653 does not "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before."  Id.; see also *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prod. Liab. Litig.*, 953 F.3d 890, 895–96 (6th Cir. 2020) (citing Newman-Green).  As a result, this federal court action must be dismissed if TR Construction lacked standing to invoke the jurisdiction of this Court "when the suit was filed."  *Davis*, 554 U.S. at 734 ("[T]he standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed"); *see also Carney v. Adams*, — U.S. —–, 141 S. Ct. 493, 499, 208 L.Ed.2d 305 (2020) (plaintiff "bears the burden of establishing standing as of the time he brought this lawsuit and maintaining it thereafter").

Here, as discussed more fully below, it is undisputed that Plaintiff was not a corporation in good standing that had standing to invoke the jurisdiction of the Court on June 1, 2021, when the lawsuit was filed.  The filing of an Amended Complaint did not – and cannot – change this undisputed fact.  Thus, under binding Supreme Court precedent, this action must be dismissed for lack of jurisdiction.

### 2. It is Undisputed That Plaintiff Was Not A Corporation In Good Standing When It Filed Its Original Complaint.

Despite TR Construction's subsequent actions to bring itself into good standing after its deficiency was pointed out in Summit County's Original Motion to Dismiss, one simple fact

8

remains: **TR Construction was not a Delaware Corporation in good standing when it filed its Original Complaint**. Accordingly, since Plaintiff lacked the capacity to sue and the legal standing to invoke the jurisdiction of the federal courts when the original complaint was filed, this action must be dismissed for lack of subject matter jurisdiction.

Under Fed.R.Civ.P. 17(b)(2), the capacity to sue or be sued is determined based upon the law under which a corporation is organized. Here, the Delaware courts have held that [a] business entity cannot maintain an action in Delaware if it is not in good standing in this State." *Humanigen, Inc. v. Savant Neglected Diseases*, LLC, 238 A.3d 194, 201 (Del. Super. Ct. 2020). While this jurisdictional defect may be cured in state court, it may not be cured in federal court because, as previously discussed, it is well established that subject matter jurisdiction based upon standing is evaluated in federal courts of the complaint's filing date. *Id.*, citing *HWI Partners, LLC v. Choate, Hall & Stewart LLP*, No. CV 13-918-RGA-MPT, 2013 WL 6493118, *3 (D. Del. Dec. 11, 2013) ("while entity status defects are curable in state courts, the more limited subject matter jurisdiction of federal district courts denies those tribunals the power to permit cure"). Thus, the federal courts in Delaware have held that a federal action must be dismissed for lack of jurisdiction if a corporation that was not in good standing at the time that the jurisdiction of the federal courts was invoked. *Id* at *6 (ruling that claims of HWI Partners, LLC must be dismissed because it lacked standing to sue when the notice of removal was filed).

Accordingly, any new factual developments that occurred *after* the Complaint's filing date cannot confer standing. See, *HWI Partners, LLC v. Choate, Hall & Stewart LLP*, 2013 WL 6493118, *3; see also, 13A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3531 (3d ed.).

9

In this regard, it is undisputed that TR Construction was not a Delaware corporation in good standing when it filed the Original Complaint on June 1, 2021.  In particular, Delaware law provides:

> If any corporation, accepting the Constitution of this State and coming under Chapter 1 of this title, or any corporation which has heretofore filed or may hereafter file a certificate of incorporation under said chapter, ***neglects or refuses for 1 year to pay the State any franchise tax or taxes***, which has or have been, or shall be assessed against it, or which it is required to pay under this chapter, or shall neglect or refuse to file a complete annual franchise tax report, ***the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative***…

8 Del.C. § 510 (emphasis added).

Here, it is undisputed that TR Construction was originally incorporated in Delaware, but its failure to file its annual reports and to pay its annual franchise taxes led to its Delaware charter becoming void and its powers under Delaware Law being stripped away until at least one month *after* it filed its Original Complaint.  See, Exhibit F.  Thus, it is undisputed that TR Construction was not a corporation in good standing when the original complaint was filed on June 1, 2021.

Indeed, even though Plaintiff eventually filed its annual report and paid its delinquent franchise taxes under Delaware Law, this does not remedy its current situation; its potential standing in this case was fixed when the Plaintiff filed this action on June 1, 2021, and it could not be revived.  See, *HWI Partners, LLC v. Choate, Hall & Stewart LLP*, 2013 WL 6493118, *3. Accordingly, since federal jurisdiction must be determined based upon whether Plaintiff had standing at the time of the original complaint, this action must be dismissed for lack of jurisdiction.

### 3. The Statute of Limitations Expired Before Plaintiff Filed Its Amended Complaint.

Statutes of limitations in claims brought under 42 U.S.C. § 1983 are determined in federal courts based upon the limitations for personal torts from the state in which a claim arose. See *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). It is well established that the statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519-520 (6th Cir. 1997); *Woods Cove, III, LLC v. City of Akron*, No. 5:16-CV-1016, 2018 WL 4104186, at *8 (N.D. Ohio Aug. 29, 2018); see also, *Wilson v. Haller*, S.D.Ohio No. 3:10-CV-355, 2010 WL 3984637, *2, report and recommendation adopted, S.D.Ohio No. 3:10-CV-3552010 WL 3984628, citing *Nadra v. Mbah*, 119 Ohio St.3d 305, 893 N.E.2d 829 (Ohio 2008); *Banks v. City of Whitehall*, 344 F.3d 550, 551 (6th Cir.2003), citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989) (en banc).

Here, Plaintiff's Complaint alleges a "due process and "takings" claim under 42 U.S.C. § 1983 arising from the 2019 Tax Foreclosure Action. With respect to federal takings claims under 42 U.S.C. § 1983, both the U.S. Supreme Court and the Sixth Circuit have held that a takings claim becomes ripe for adjudication once the administrative agency issues a "final decision" that applies the challenged regulations to the property. *Pakdel v. City & Cty. of San Francisco, California*, --- U.S. ----, 141 S. Ct. 2226, 2230 (2021); *Harrison v. Montgomery Cty., Ohio*, 997 F.3d 643, 650 (6th Cir. 2021). Here, the underlying 2019 Tax Foreclosure Action was brought on January 28, 2019, and the Board of Revision issued its final decision on June 3, 2019, when it entered an Adjudication of Foreclosure that included an Order to transfer the property under R.C. 323.78. (See Exhibit B). Accordingly, since the alleged takings claim accrued on June 3, 2019, the statute of limitations expired on June 3, 2021. Similarly, the two-year statute

11

of limitation has expired on the new, alleged due process claim in the Amended Complaint. Yet, this due process claim was not even raised by Plaintiff in the original complaint.

Indeed, TR Construction's attorneys clearly were aware of this two-year statute of limitation deadline because they filed the Original Complaint on June 1, 2021, two days prior to the expiration of the statute of limitations. At that time, however, TR Construction lacked the standing to file a civil action to invoke the jurisdiction of the federal courts, and it did not become a corporation in good standing under Delaware law until *after* the two-year statute of limitations expired. Accordingly, for this additional reason, the Court should conclude that this action should be dismissed because the filing of the Amended Complaint does not change the undisputed fact that TR Construction failed to file a proper civil action to invoke the jurisdiction of this Court before the expiration of the statute of limitations on June 3, 2021.

### III.   CONCLUSION

Wherefore, Defendant Summit County respectfully requests that this Court dismiss the Amended Complaint with prejudice for the reasons stated above.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

*/s/ Raymond J. Hartsough*
MARVIN D. EVANS (0055616)
RAYMOND J. HARTSOUGH (0097025)
Assistant Prosecuting Attorney
53 University Ave., 7th Floor
Akron, OH 44308
(330) 643-8380
(330) 643-2160
(330) 643-8540 facsimile
mevans@prosecutor.summitoh.net
rhartsough@prosecutor.summitoh.net
Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 13th day of August, 2021, a true and accurate copy of the foregoing has been filed via the Court's electronic filing system and sent via email to the following.

Warner Mendenhall
Thomas Connors
Brian Unger
John Pfleiderer
THE LAW OFFICES OF WARNER MENDENHALL
190 North Union Street - Suite 201
Akron, Ohio 44308
warner@warnermendenhall.com
tconnors@warnermendenhall.com
brian@warnermendenhall.com
john@warnermendenhall.com

*/s/ Raymond J. Hartsough*
RAYMOND J. HARTSOUGH (0097025)
Assistant Prosecuting Attorney
Counsel for Defendant