UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TR CONSTRUCTION, INC., | CASE NO.  5:21CV01109-JRA |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| SUMMIT COUNTY, OHIO | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | [Resolving Doc. 12] |

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 12). Plaintiff has filed its Opposition to the Motion (Doc. 13), and Defendant has replied.[1]  The Court has been advised, having considered the complaint, the motion, the opposition, and applicable law.  For the reasons that follow, Defendant's motion is DENIED.

I.      STATEMENT OF FACTS

Plaintiff, TR Construction Inc. ("TR"), a Delaware corporation, filed its complaint against Defendant, Summit County ("the County") on June 1, 2021.  TR's complaint is based upon a tax foreclosure on a property located in Akron, Ohio (Doc. 1).

In its complaint, TR alleges that the County violated the "Takings Clause" of the Fifth Amendment of the Constitution, which is made applicable to the County by way of the Fourteenth Amendment of the United States Constitution, as well as Article I, Section 19 of the Ohio Constitution (Doc. 1). The County moved to dismiss the complaint, alleging that this Court lacks subject matter jurisdiction to consider TR's claims.  The County argues that TR did not

---

[1] Plaintiff has sought leave to file a sur-reply.  Doc. 18. The motion is denied as moot.

have adequate standing to bring forth its complaint. The Court now reviews the merits of that argument.

## II. LEGAL STANDARD

The Sixth Circuit has recognized that there are generally two types of challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial challenges and factual challenges. *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence[.]" *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "[W]here subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (original emphasis).

## III. ANALYSIS

The County asserts that TR Construction lacks standing based upon issues surrounding its corporate status. The Court disagrees.

Under Article III of the Constitution of the United States, the federal courts are given the power to resolve cases or controversies. *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488, citing U.S. Const., art. III, § 2. Additionally, a plaintiff must establish that it has standing before a case proceeds in federal court. *California v. Texas*, U.S. 141 2104 (2021). Further, the U.S. Supreme Court has held that the party invoking jurisdiction in the federal court must establish that it has standing "at the commencement of the litigation." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732 (2008).

Under Fed. R. Civ. P. 17(b)(2), the capacity to sue or to be sued is determined based upon the law under which a corporation is organized.[2] Delaware courts have established that a corporation cannot maintain an action in Delaware if it is not in good standing with the State. *Humanigen, Inc. v. Savant Neglected Diseases, LLC*, 238 A.3d 194, 201 (Del. Super. Ct. 2020). The County further contends that while this jurisdictional defect may be cured in state court, it cannot be cured in federal court because subject matter jurisdiction here is evaluated as of the complaint's filing date, June 1, 2021.

In support of its motion, the County includes a copy of a letter from the Delaware Secretary of State, dated June 16, 2021, certifying that TR Construction was not in good standing because it failed to pay its franchise tax and failed to file its annual report. Based upon this, the County asserts that as of the complaint dated June 1, 2021, TR Construction was not in good standing in its home state of Delaware and thus, lacked the standing to invoke the federal jurisdiction at the commencement of the litigation. However, the County has incorrectly quoted Delaware law which states the following:

> If any corporation, accepting the Constitution of this State and coming under Chapter 1 of this title, or any corporation which has heretofore filed or may hereafter file a certificate of incorporation under said chapter, <u>neglects or refuses for 1 year to pay the State any franchise tax or taxes, which has or have been, or shall be assessed against it, or which it is required to pay under this chapter, or shall neglect or refuse to file a complete annual franchise tax report, the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative</u>, unless the Secretary of State, for good cause shown, shall have given further time for payment of the tax or taxes or the completion of an annual franchise tax report, in which case a certificate thereof shall be filed in the office of the Secretary of State stating the reason therefore. <u>On or before November 30 in each year, the Secretary of State shall notify each corporation which has neglected or refused to pay the franchise tax or taxes assessed against it or becoming due during the year or has refused or neglected to file a complete annual franchise tax report, that the charter of the corporation shall</u>

---

[2] The parties agree for the purposes of this motion that Delaware law should be applied.

3

<u>become void unless such taxes are paid and such complete annual franchise tax report is filed on or before March 1 of the following year.</u>

Del. C. Ch. 8, § 510 (emphasis added).

When the above section read in its entirety, it is clear that there is a one-year grace period between when a corporation's franchise taxes, and its annual franchise report are due and when the corporation becomes void. The County incorrectly attempts to distinguish between the two underlined portions and treat them as two separate provisions. A statute's words and phrases should not be read in isolation, but instead should be read as a whole. If the statute read as the County argues it should, a corporation would become void immediately upon missing the due date to file the annual franchise tax report, and again one year later following the one-year grace period – an interpretation that would result in a portion of the statute being wholly superfluous. When read in its entirety, it is clear that the second provision of the Delaware Code merely clarifies that there is a one-year grace period between when a corporation's franchise taxes and its annual franchise tax report are due and when the corporation becomes void. Given the fact that TR was still within the one-year grace period at the commencement of the litigation, they were not a void corporation and capable of filing suit.

The County's second argument - that the statute of limitations expired before TR became a corporation in good standing under Delaware law - fails for the same reasons explained in the above section. Accordingly, TR had standing to bring the instant suit on the date of its filing.

IV. CONCLUSION

The County's motion to dismiss (Doc. 12) is DENIED.

IT IS SO ORDERED.

Date:   2/24/2022                    /s/ John R. Adams
                                     Judge John R. Adams
                                     UNITED STATES DISTRICT COURT

4