UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TR CONSTRUCTION INC., | ) | CASE NO. 5:21CV1109 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| SUMMIT COUNTY, OHIO, | ) | **ORDER AND DECISION** |
| | ) | (Resolves Doc. 45) |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant Summit County's motion for summary judgment (Doc. 45). Upon review, the motion is GRANTED IN PART AND DENIED IN PART.

**I.    FACTS**

The underlying facts giving rise to the complaint are relatively straightforward and undisputed. On August 5, 2008, Plaintiff TR Construction bought property located at 1007 Bank Street, Akron, OH 44305 for $400,000. On January 28, 2019, the County instituted tax foreclosure proceedings against the property before the Summit County Board of Revision. The parties sharply dispute whether service was proper in this proceeding, but ultimately TR Construction did not appear. On June 3, 2019, the County obtained an order of Adjudication of Foreclosure Direct Transfer. Subsequently, on July 10, 2019, the County transferred the property to the Summit County Land Reutilization Corporation.

On June 1, 2021, TR Construction filed this suit alleging a due process violation and takings claims under both federal and state law. On December 15, 2022, the County moved for summary judgment on all three claims. TR Construction opposed the motion, and the County replied in support. On June 10, 2023, both parties filed supplemental briefing on the impact of the

1

Supreme Court's decision in in *Tyler v. Hennepin County, Minnesota*, 143 S.Ct. 1369 (2023). The Court now resolves the parties' arguments.

## II. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943–944 (6th Cir. 1990).

A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–1480 (6th Cir. 1989) (citing *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus,* 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

### III. LAW AND ANALYSIS

Initially, the Court notes that the County has argued that the state law takings claim must be dismissed because Ohio does not recognize a private cause of action related to takings. Instead, the proper course of action is to pursue a writ of mandamus. *See State ex rel. Cuyahoga Lakefront Land, L.L.C. v. Cleveland*, 2016-Ohio-7640, ¶ 13. TR Construction has not responded to this argument, and the Court finds the argument well taken. Accordingly, the County is entitled to judgment on the state law takings claim.

The Takings Clause, applicable to the States through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U. S. Const., Amdt. 5. In this regard, *Tyler* is instructive regarding federal takings under the facts alleged herein:

> The County had the power to sell Tyler's home to recover the unpaid property taxes. But it could not use the toehold of the tax debt to confiscate more property than was due. By doing so, it effected a "classic taking in which the government directly appropriates private property for its own use." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 324 (2002) (internal quotation marks and alteration omitted). Tyler has stated a claim under the Takings Clause and is entitled to just compensation.

*Tyler*, 598 U.S. at 639.

The County's motion for summary judgment on both TR Construction's due process and federal takings claims rely upon the same premise. Specifically, the County contends that both claims must be dismissed because Ohio has a procedure in which TR Construction could have asserted its rights and recovered any alleged surplus. However, as set forth below, the County's argument relies upon facts that are disputed and must be resolved by a jury.

In a matter involving the taking of property, the Supreme Court has noted:

> It is true that this Court has deemed notice constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent. In each of these cases, the government attempted to provide notice and heard nothing back

3

> indicating that anything had gone awry, and we stated that the reasonableness and hence the constitutional validity of the chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected. But we have never addressed whether due process entails further responsibility when the government becomes aware prior to the taking that its attempt at notice has failed. That is a new wrinkle, and we have explained that the notice required will vary with circumstances and conditions.

*Jones v. Flowers*, 547 U.S. 220, 226–27 (2006)(internal citations, quotations, and alterations omitted). The County contends that this standard was met because it sent notice via regular mail and provided service via publication.

The Court finds that a jury must determine whether the County's attempts at service were "reasonably certain to inform" TR Construction of the proceedings. It is undisputed that certified mail was attempted and returned as unclaimed. The County then utilized regular mail and asserts that service was completed because no mail was returned. However, the County ignores that it attempted regular mail service at a property address that it believed to be abandoned property. It then utilized service by publication in which an affidavit contended no address could be ascertained for TR Construction through reasonable diligence. Given that TR Construction had a publicly available address for a statutory agent by virtue of being a registered business in the state of Delaware, there remains a question of fact regarding whether the County's efforts were reasonably certain to provide notice. Accordingly, summary judgment on both the due process claim and the federal takings claim is DENIED.

The Court has reviewed the County's ancillary arguments and finds no merit in them. *Res judicata* cannot bar the due process claim because there exists a question of fact over whether the prior state court judgment is valid or lacked proper process. Similarly, nothing about TR Construction's claims will impede the County's ability to collect taxes. Therefore, the Tax Injunction Act does not bar the claims raised herein. Finally, the County had provided no law that

suggests that the fact that the County itself did not retain any surplus from the property at issue does not create any legal barrier to the takings claim.

## IV. CONCLUSION

For the reasons set forth herein, the County's motion for summary judgment GRANTED IN PART AND DENIED IN PART. TR Construction's state law takings claim is hereby dismissed. The remaining claims shall proceed to trial, and a separate trial order shall issue from the Court.

IT IS SO ORDERED.

DATE: September 26, 2023 /s/ *John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT